## William H. Salter v. The People of the State of Illinois.

1.  HIGHWAYS—*By Dedication—Obstruction.*— Where a public highway exists by dedication a prosecution under section 221 of the Criminal Code for obstructing it will be sustained.

**Prosecution for Obstructing a Highway.**—Error to the Circuit Court of Brown County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

E. A. PERRY, attorney for plaintiff in error.

WALTER I. MANNY, State's Attorney, and J. F. REGAN, attorneys for defendants in error.

MR. JUSTICE HARKER delivered the opinion of the court.

This was a prosecution against the plaintiff in error under section 221 of the Criminal Code for obstructing a highway. It was commenced before a justice of the peace, where the plaintiff in error was fined. On appeal to the Circuit Court he was again convicted and sentenced to pay a fine of one dollar and costs.

The evidence shows that the place alleged to be a highway was a passage way from the upper to the lower landing on the Illinois river at LaGrange, and that it was laid out as a street and used as such more than forty years ago. LaGrange was, at that time, a shipping point of some importance, and the street was used by the public. Owing to the decline of the town, the street has, of late years, been but little used, and some question arose as to its boundary lines. For the purpose of locating the boundary correctly a survey was made under the direction of the highway commissioners in 1898. The evidence shows that the plaintiff in error, who is a fisherman, pitched his tent in the road, stretched nets across it and placed tar barrels in it, to the annoyance and inconvenience of persons desiring to travel along it.

There is abundant evidence to support the contention of a highway by dedication. A multitude of alleged errors are pressed upon our consideration. We have considered them all, but it would render our opinion too lengthy to discuss them here in detail. We prefer to say, briefly, that the Circuit Court committed no error in ruling upon the admission of evidence, that there is nothing seriously wrong with the instructions, and that the evidence shows the guilt of the plaintiff in error beyond all reasonable question. Judgment affirmed.